IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR JAMES GRIFFIN JR., | |
| Petitioner, | 8:24CV238 |
| vs. | |
| MICHAEL MEYERS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on preliminary review of Petitioner Arthur James Griffin, Jr.'s Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. Also before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 6, and several other Motions to Amend. See Filing Nos. 4, 5, and 7 through 25. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this Court (*see* inmate trust account statement at Filing No. 5, Case No. 8:24CV439), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. See 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the Petition will be dismissed without prejudice. Petitioner's other Motions will be denied as moot.[1]

Petitioner alleges he is challenging a conviction for trespassing, resisting arrest, disorderly conduct, and two counts of assault on police by way of bodily fluids. Filing No. 1 at 1. Petitioner alleges judgment was entered by the District Court of Douglas County, Nebraska on "6/3/24" with a sentencing date of the same day. *Id.* Petitioner's state court

---

[1] Petitioner's other Motions are all Motions to Amend his Petition. Each Motion contains a list of statutes or other purported authority with no explanation of how the cited authority impacts Petitioner's claims.

records, available to this court online, show that an information was filed in the County Court for Douglas County, Nebraska, Case No. CR24-3079 on February 21, 2024,[2] charging Griffin with one count of disorderly conduct, two counts of assault on a public safety officer with bodily fluid, and one count of resisting arrest. *See also* Filing No. 1 at 1 (listing Case No. "24-3079" in caption)). Petitioner's state court records reveal that on June 3, 2024, after a bench trial, Petitioner was convicted of all counts, and was sentenced to 365 days' imprisonment with credit for 77 days served. Petitioner's state court records further reveal that on July 2, 2024, Griffin appealed his conviction to the Douglas County District Court. On November 14, 2024, Petitioner's sentence and conviction were affirmed.

Petitioner's § 2254 habeas petition was obviously filed prematurely, and it is apparent that he has not exhausted his available state court remedies. As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i) there is an absence of available State corrective process; or
>
>                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he

---

[2] The Court takes judicial notice of the state court records in *State v. Arthur Griffin Jr.*, Case No. CR24-3079, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved online through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  See *Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254.  As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the Petition's allegations and Petitioner's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this Court.  Consequently, the Petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by the Court.  *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Griffin does not allege, nor can it reasonably be claimed, that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under Rhines [v. Weber, 544 U.S. 269, 276 (2005)] since Rhines only involves cases with mixed petitions." McLemore v. Frakes, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing Charles v. Payne, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." Id. Even if the Court could exercise discretion to stay these proceedings pursuant to Rhines, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's conviction is not yet final given that the time in which he has to file a direct appeal has not expired. See Neb. Rev. Stat. § 25-1912 (notice of appeal must be filed within 30 days of entry of district court judgment). Thus, the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) has not yet begun to run.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). The Court has considered the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 6, is granted.

2. The Petition for Writ of Habeas Corpus, Filing No. 1 (and any amendments or supplements thereto) is dismissed without prejudice. No certificate of appealability has been or will be issued.

3. Petitioner's other pending Motions are denied as moot.

4. A judgment will be entered by separate document.

Dated this 2nd day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5